IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COLONY BRANDS, INC.,

                                    Plaintiff,

  v.                                                       OPINION and ORDER

UNITED STATES OF AMERICA,                    21-cv-720-jdp

                                  Defendant.

---

      Plaintiff Colony Brands, Inc. seeks a tax refund from defendant the United States of America, contending that the government has wrongfully denied a deduction for interest expenses on certain promissory notes. The government moves for partial summary judgment on one issue, seeking to establish that the notes are "short-term debt" because the notes stated that they were payable on demand. Dkt. 37. The court will deny the motion. The fact that the notes were payable on demand is likely relevant to whether Colony Brands paid a reasonable interest rate on the notes. But the government has not shown that that "short-term debt" is a meaningful designation under state or federal law or that a pre-trial ruling on the issue would clarify issues for trial.

UNDISPUTED FACTS

      The material facts are undisputed for the purposes of the motion.

      Colony Brands sells food and other consumer products directly to consumers through its subsidiary companies. Dkt. 65, ¶ 1. Colony Brands's business is highly seasonal, and most of the company's customers purchase products from Colony Brands on credit. As a result, Colony Brands frequently takes loans to finance inventory purchases while it waits for payment

from consumers. Historically, Colony Brands has supplemented the funds that it borrows from banks with borrowing from private individuals, including the company's shareholders, officers, and employees. Colony Brands tracked the borrowing from private lenders and interest due in its general ledger. Before 2014, Colony Brands did not have written debt instruments for its private borrowing, but instead relied on verbal agreements and understandings between the parties. *Id.*, ¶ 24. The private borrowing did not have a fixed repayment schedule.

Colony Brands determined that a 6.5 interest rate was an appropriate rate for its private borrowing; the rate was comparable to the rate that Colony Brands was paying for its "long-term lending" with Prudential. *Id.*, ¶¶ 36–37. Colony Brands also had a line of credit with BMO Harris Bank that it used as a source of working capital to fund day-to-day operations. The interest rate on the BMO Harris line of credit was 1.7 percent.

Colony Brands began memorializing its private borrowing practices in 2014 by executing promissory notes with its private lenders. The promissory notes issued after 2014 stated that they were "payable on demand." In practice, the borrowing operation remained unchanged.

For many years, Colony Brands claimed a tax deduction for interest expenses incurred on its private borrowing on the ground that the interest was an ordinary and necessary business expense. Following an audit in 2017, the IRS concluded that the interest expense on the promissory notes was not tax-deductible and assessed Colony Brands an additional $532,635 in tax for tax year 2015. Colony Brands paid the disputed tax, as well as an additional $146,937 in interest on the unpaid tax. Colony Brands filed timely claims for refunds with the IRS. The IRS did not take action on the refund requests, so Colony Brands filed this lawsuit under 26

U.S.C. § 7422. This court has jurisdiction over Colony Brands's refund action under 28 U.S.C. § 1346(a)(1).

The court will address additional facts as they become relevant to the analysis.

ANALYSIS

The government moves for partial summary judgment on the issue of whether Colony Brands's promissory notes were "short-term demand notes." Dkt. 38, at 2. A party may seek partial summary judgment on part of a claim or defense. *See* Fed. R. Civ. P. 56(a). Partial summary judgment "can serve a useful brush-clearing function" by narrowing the issues for trial. *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund.*, 778 F.3d 593, 606 (7th Cir. 2015); *see also Joseph P. Caulfield & Assocs. v. Litho Prods.*, 155 F.3d 883, 888 (7th Cir. 1998).

In its opening brief, the government did not adequately explain why whether the notes were "short-term" was relevant to Colony Brands's claims in this lawsuit. The government stated that (1) whether the expenses were deductible turns on whether the 6.5 percent interest rate on the notes was reasonable and that (2) a determination of whether the notes are "short-term demand notes" will assist the jury in deciding whether the interest rate was reasonable, but it did not explain those assertions or support them with citations to legal authority. *See* Dkt. 38 at 2–3. Colony Brands's response brief and the government's reply brief place the issue in the context of the claims in this case.

Colony Brands contends that its interest payments on the promissory notes were deductible under either 26 U.S.C. § 162 or § 163(a). Section 162 allows deductions for expenses that meet all four of the following criteria: those that are (1) ordinary; (2) necessary; (3) paid or incurred during the taxable year; and (4) incurred in carrying on a trade or business.

3

"[A]n expense is ordinary if it is a usual expense for the business community of which the taxpayer is a part." *A.E. Staley Mfg. Co. & Subsidiaries v. Comm'r*, 119 F.3d 482, 487 (7th Cir. 1997). An expense is necessary if it is "appropriate and helpful for the development of the taxpayer's business." *Comm'r v. Tellier,* 383 U.S. 687, 689 (1966). An expense is for the purpose of carrying on a business if the taxpayer's "predominant, primary, or principal objective" in incurring the expense is to make a profit. *Gaston v. Comm'r of Internal Revenue*, 122 T.C.M. (CCH) 175, *3 (T.C. 2021).

As for § 163(a), that provision allows business to deduct "all interest paid or accrued within the taxable year on indebtedness." To be deductible, the indebtedness must have "economic substance," which means that (1) the transaction giving rise to the debt changes the taxpayer's economic position in a meaningful way and (2) the taxpayer has a valid nontax business purpose for entering into the transaction. *Feldman v. Comm'r*, 779 F.3d 448, 455 (7th Cir. 2015).

Whether Colony Brands is entitled to a deduction for its interest expenses under either statute turns, at least in part, on whether the 6.5 percent interest rate charged on the promissory notes was reasonable. As for § 162, for "an expense . . . to be ordinary and necessary, it must also be reasonable in amount." *Plentywood Drug, Inc. v. Comm'r of Internal Revenue*, T.C. Memo. 2021-45, 2021 WL 1611609, at * 2. As for § 163, an excessively high interest rate can be evidence that the transaction lacks economic substance. *Bank of New York Mellon Corp. v. Comm'r,* 106 T.C.M. (CCH) 367 (T.C. 2013).

The government contends that one consideration in determining whether an interest rate is reasonable is the time it takes to repay the loan. With that background in mind, the government states that it "seeks a ruling by the Court that, as a matter of law, the Notes are

4

short-term instruments." Dkt. 63, at 4. Although not stated expressly, it appears that the government seeks summary judgment on this issue because it will contend at trial that (1) all other things being equal, a loan with a shorter repayment term will have a lower interest rate and vice versa; and (2) a 6.5 percent interest rate is unreasonably high for a "short-term" loan.

The court will deny the government's request because it has not shown that a declaration that the notes are "short-term" would have any legal significance. The parties agree that the notes are governed by Wisconsin contract law and that under Wisconsin law, debt instruments that state that they are "payable on demand" are considered due when the loan is made. *See London & Lancashire Indem. Co. v. Allen*, 272 Wis. 75, 78 (1956). Colony Brands's promissory notes state that they are payable on demand. Thus, the government argues, the notes are "short-term" debt under Wisconsin law. The government also contends that Colony Brands has admitted that the notes are short-term because reports prepared for Colony Brands by external auditors describe the notes as "short-term accounts payables to officers and shareholders."

The problem is that the government has not shown that "short-term" debt is, in itself, a meaningful legal designation. The issue of whether debt is "short-term" or "long-term" is not an element of any claim or defense in this lawsuit. The government cites no authority that short-term debt is a distinct type of debt under federal tax law or that all types of short-term debt are treated alike. And the government hasn't shown that there is an applicable legal standard for determining whether debt is "short-term." It provides no cases applying the term under the relevant federal statutes nor any Wisconsin cases construing the term in any context. Under those circumstances, the court's determination that the notes were "short-term" debt would not help the jury decide whether the 6.5 percent interest rate was reasonable because

5

the label would not communicate any legally significant information. Colony Brands does indeed internally categorize its borrowing as either "short-term" or "long-term." But neither Colony Brands nor the government explains how Colony Brands determines whether its debts are one or the other, and the government adduced no evidence that Colony Brands's internal designation aligns with any recognized legal or financial standards.[1] If the government means to argue that Colony Brands should have categorized the notes as short-term debts, that is not a legal issue that can be resolved at summary judgment because it depends on disputed facts.

The notes' actual repayment terms are likely relevant to whether 6.5 percent was a reasonable interest rate. Colony Brands concedes that under Wisconsin law, the terms of the notes gave the lenders the contractual right to request repayment at any time. The government is free to present evidence and to argue that loans issued under those terms should generally have lower interest rates. But the government is not entitled to a pre-trial ruling that the notes were "short-term" debt.

ORDER

IT IS ORDERED that defendant the United States of America's motion for partial summary judgment, Dkt. 37, is DENIED.

Entered May 4, 2023.

---

[1] Colony Brands admits that the notes were classified in audits as "short-term" under GAAP accounting principles, but it contends that it categorized the notes as long-term debt "for purposes of the Company's expectations and financial management." Dkt. 62, ¶ 24.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge